UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SURJIT SINGH,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 3:13-cr-00118-LRH-WGC<br><br>ORDER |

Petitioner Surjit Singh has filed a pro se petition under 28 U.S.C. § 1651 to set aside his convictions for a controlled substance offense and benefits fraud. (ECF No. 72). The United States filed a response to Singh's petition (ECF No. 77), and Singh replied (ECF No. 79). For the reasons stated below, the Court will deny Singh's petition.

**I. Factual Background and Procedural History**

Singh was charged in an eight-count indictment on December 18, 2013, with multiple counts of possession and distribution of a controlled substance analogue and benefits fraud. (ECF No. 1). Singh, who was co-owner of a Reno-area convenience store, sold synthetic marijuana and psychoactive bath salts out of the store. (ECF No. 75). He also traded the drugs for EBT cards (the primary form in which enrollees in SNAP receive their governmental assistance). (*Id.*) Singh and his indicted coconspirator, Jaswinder Singh, would then use the EBT cards to make unrelated personal purchases. (*Id.*)

On December 11, 2014, Singh pleaded guilty to two of the charges—conspiracy to possess with intent to distribute a controlled substance analogue and conspiracy to commit benefits

fraud—with the government dismissing the other six offenses as part of the guilty plea. (ECF No. 37). At his sentencing hearing on June 1, 2015, the Court sentenced Singh to 30 months incarceration with 36 months of supervised release to follow. (ECF No. 49). Singh did not appeal his sentence, and he began to serve his term of imprisonment on July 31, 2015. (ECF No. 51). Singh was eventually released from prison, but according to him, he was subsequently arrested by Immigration and Customs Enforcement (ICE) and transported to an immigration facility in Colorado. (ECF No. 66). While at the immigration facility, Singh filed a motion under 28 U.S.C. § 2255 to vacate his conviction based on allegations that his attorney did not sufficiently advise him of the immigration consequences of his plea agreement. (ECF No. 66). Following the filing of his petition, Singh changed his address of record from the immigration facility to a local address in Reno, Nevada. (ECF No. 67). The government subsequently moved to dismiss Singh's § 2255 petition as untimely. (ECF No. 70).

On January 30, 2020, before the Court ruled on Singh's § 2255 petition, Singh filed a petition for a writ of error *coram nobis* seeking to set aside his conviction. (ECF No. 72). Singh claimed in his petition that: (1) the Board of Immigration Appeals ("BIA") erred with respect to its decision regarding his immigration status; (2) his felony controlled substance conviction could have been dismissed and expunged under 18 U.S.C. § 3607, and (3) that his trial counsel failed to advise him of collateral immigration consequences resulting from his conviction. (ECF No. 72 at 2–6). The Court granted the government's motion to dismiss Singh's § 2255 petition on February 5, 2020; in the same order, the Court noted that even if Singh had filed it on time, the Court would have still denied it because Singh failed to demonstrate that he received ineffective assistance of counsel. (ECF No. 75). Singh's petition for a writ of error *coram nobis* is now pending before the Court.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The writ of error *coram nobis* is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more

2

conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). The writ is "used only to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). To qualify for a writ of error *coram nobis*, the petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva*, 287 F.3d at 760.

### III. Discussion

The government concedes that the first and third requirements for a writ of error *coram nobis* are met but argues that the second and fourth requirements have not been met. (ECF No. 77 at 3). Regarding the first requirement, Singh has exhausted all other remedies (e.g. a § 2255 motion) and therefore is left with no other remedy. (*Id.*) Regarding the third requirement, the possibility of being deported is enough to satisfy Article III's case or controversy requirement. *See, e.g., United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 370 (2010); *Park v. California*, 202 F.3d 1146, 1148 (9th Cir. 2000) ("Because he faces deportation, Park suffers actual consequences from his conviction."). The Court agrees that the first and third requirements have been met. The Court, however, must still analyze the second and fourth requirements for a writ of error *coram nobis*.

### A. Singh Has Not Provided a Valid Reason For Not Attacking His Conviction Earlier

A petition for a writ of error *coram nobis* is not subject to a specific statute of limitations. *United States v. Morgan*, 346 U.S. 502, 507 (1954) (*coram nobis* petition allowed "without limitation of time"). "In lieu of a specific statute of limitations, courts have required *coram nobis* petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). *See also United States v. Riedl*, 496 F.3d 1003, 1007 (9th Cir. 2007) (denying *coram nobis* relief where defendant waited more than six years after conviction to file a petition, noting that such relief is only available where

3

petitioner has "exercis[ed] due diligence" in bringing her concern promptly to the attention of the courts) (citing *Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989)); *Maghe v. United States*, 710 F.2d 503, 503–04 (9th Cir. 1983) (denying *coram nobis* petition as untimely where claim could have been earlier raised and there were "no sound reasons" for the delay) (internal quotations omitted). Furthermore, the "law does not require a petitioner to challenge his conviction at the earliest opportunity; it requires only that he have sound reasons for not doing so." *United States v. Njai*, 312 Fed. App'x. 953, 954 (9th Cir. 2009).

This Court sentenced Singh on June 1, 2015. (ECF No. 48). He filed his *coram nobis* petition on January 30, 2020. (ECF No. 72). Singh argues that "he did not learn of the collateral consequences that attached to his guilty plea until after the time to file a motion to vacate had expired." (*Id.* at 6). Delays for similar lengths of time have precluded *coram nobis* relief. *See, e.g.*, *United States v. Njai*, 312 Fed. App'x. 953, 954 (9th Cir. 2009) (affirming denial of *coram nobis* relief where the defendant waited more than four years after defendant entered his plea and was convicted, noting that no valid reason was offered for the delay); *Ikbal v. United States*, 304 Fed App'x. 604, 606 (9th Cir. 2008) (denying defendant's *coram nobis* petition as untimely where defendant's conviction was final in January 2002 and her July 2005 petition claimed she had not learned about an exculpatory letter until July 2004, noting that "even after being reminded of the letter on July 19, 2004, Ms. Ikbal waited nearly a year" to petition for *coram nobis*). Singh has not offered any facts relating to his five-year delay with sufficient specificity to permit the Court to assess the justification for such a lengthy delay. Additionally, Singh has not provided any support for his assertion that he only learned of the collateral consequences of his conviction "after the time to file a motion to vacate had expired." (ECF No. 72 at 6). The Court finds that Singh has failed to satisfy the second requirement for *coram nobis* relief.

**B. Singh Has Not Met His Burden of Showing the Presence of a Fundamental Error**

*Coram nobis* may only be used to "review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). Singh asserts three fundamental errors are present. (ECF No. 72 at 2–4). First, Singh claims that the BIA erred with respect to its decision regarding his immigration status. (*Id.* at 3). Second, Singh claims his felony conviction

4

for possession of a controlled substance analogue could have been dismissed and expunged under 18 U.S.C. § 3607. (*Id.* at 2). Lastly, Singh claims his trial counsel failed to advise him of collateral immigration consequences resulting from his conviction. (*Id.* at 4).

Singh first asserts that the BIA failed to inform him of his eligibility to seek a waiver of inadmissibility because of his "Alien" status, resulting in the BIA mistakenly ordering his removal from the United States. (ECF No. 72 at 2–3). "In the REAL ID Act of 2005, Congress eliminated collateral review of orders of removal, leaving direct petition to [the court of appeals] the sole avenue for review of the BIA's rulings." *Lolong v. Gonzales*, 484 F.3d 1173, 1177 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)) ("a petition for review filed with an appropriate court of appeals. . .shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act")). *See also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir.2005) ("circuit courts [are] the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."). Even in a writ of *coram nobis*, district courts cannot review this type of claim. Therefore, the Court does not have jurisdiction to review Singh's objections to a BIA order addressing his immigration status.

Second, Singh contends that he is eligible for the benefits of probation and expungement available under 18 U.S.C. § 3607 for certain offenses involving simple possession of a controlled substance under 18 U.S.C. § 844. (ECF No. 72 at 2–3). This argument lacks merit because Singh was not convicted for simple possession of a controlled substance under 18 U.S.C. § 844. Rather, he was convicted of conspiracy to possess with intent to distribute a controlled substance analogue in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1), (b)(1)(C), and 846. (*See* ECF No. 49) Therefore, Singh's conviction is not eligible for dismissal and expungement under 18 U.S.C. § 3607. *See, e.g., Cardenas–Uriarte v. INS*, 227 F.3d 1132, 1136 (9th Cir. 2000) ( "The Federal First Offender Act requires a plea or conviction of possession of a controlled substance, as described in 21 U.S.C. § 844."), *overruled in part on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc). *See also United States v. Barial*, 31 F.3d 216, 216 (4th Cir. 1994) (first offender treatment under § 3607 is available to those found guilty of an offense described in § 844 even if the conviction is not under § 844); *Ramirez Campos v. Holder*, 450 Fed. App'x. 577, 577–

78 (9th Cir. 2011) ("Ramirez's conviction under § 11359 for possession for sale is not covered by the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607, which for immigration purposes eliminates only convictions for simple possession.").

Lastly, Singh again asserts that his attorney provided incorrect advice about the immigration consequences that would flow from his guilty plea. (ECF No. 72 at 8–10; ECF No. 79 at 7–8). Singh argues that "he would not have accepted a plea agreement had he been made aware of the collateral immigration consequences[.]" (ECF No. 72 at 6). Singh's *coram nobis* petition succeeds his § 2255 petition, in which he asserted the same argument he makes here. (*See* ECF No. 66). In the Court's order on Singh's § 2255 petition, the Court addressed the merits of his argument and found "[t]he record is clear—while under oath, Singh confirmed to the Court that he read the entire plea agreement, including the immigration provision, and discussed it fully with his attorney prior to entering a guilty plea." (ECF No. 75 at 5). The immigration provision in Singh's plea agreement provided:

> The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. §1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

(ECF No. 38 at 17–18). Singh is not entitled to re-assert the same claim through *coram nobis* after the Court has rejected the claim on the merits when his § 2255 petition was denied. *Correia v. United States*, No. 99-00015 DAE, 2012 WL 1080839, at *2 (D. Haw. Mar. 28, 2012) (denying *coram nobis* petition after the issue had already been decided in petitioner's § 2255 motion); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

///

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Surjit Singh's petition for a writ of *coram nobis* (ECF No. 72) is **DENIED**.

IT IS SO ORDERED.

DATED this 9 day of June 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE