UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00118-LRH-WGC |
| Plaintiff-Respondent, | ORDER |
| v. | |
| SURJIT SINGH, | |
| Defendant-Petitioner. | |

Before the Court is Defendant-Petitioner Surjit Singh's ("Singh") second petition for a writ of error *coram nobis* (ECF No. 99) and a memorandum of points and authorities in support of the petition (ECF No. 99-1). The Government filed a response (ECF No. 100) and Singh replied (ECF No. 103). Also before the Court is Singh's request for an evidentiary hearing. ECF No. 99-1 at 34. For the reasons articulated herein, the Court denies Singh's evidentiary hearing request and second petition for a writ of error *coram nobis*.

I.  **BACKGROUND**

On December 18, 2013, a federal grand jury in the District of Nevada returned an eight-count indictment against Singh—co-owner of a Reno-area convenience store—that included multiple counts of possession and distribution of a controlled substance analogue and benefits fraud. *See generally* ECF No. 1. The charged offenses stemmed from Singh's conduct at the convenience store which included selling synthetic marijuana and psychoactive bath salts as well as trading those controlled substances for EBT cards, the primary form in which Supplemental Nutrition Assistance Program ("SNAP") enrollees receive governmental assistance. *See generally*

1

ECF No. 75. On December 11, 2014, Singh pled guilty to Counts One and Two of the indictment—conspiracy to possess with intent to distribute a controlled substance analogue and conspiracy to commit benefits fraud—and the Government dismissed the six remaining charged offenses. *See* ECF No. 37; *see also* ECF No. 38.

On June 1, 2015, the Court sentenced Singh to 30-months incarceration with 36-months of supervised release to follow. ECF No. 49. Singh did not appeal his sentence and on July 31, 2015, he commenced his term of imprisonment. ECF No. 51. Eventually, Singh was released from prison and subsequently taken into custody by Immigration and Customs Enforcement ("ICE"). ECF No. 99-1 at 5. While at the immigration facility, Singh filed a motion under 28 U.S.C. § 2255 to vacate his plea agreement based on allegations that his attorney did not sufficiently advise him of the immigration consequences of his guilty plea agreement. ECF No. 66. The Government subsequently filed a motion to dismiss Singh's § 2255 motion as untimely. ECF No. 70. On February 5, 2020, the Court granted the Government's motion to dismiss and denied Singh's § 2255 motion to vacate his plea agreement. ECF No. 75.

Before the Court ruled on the Government's motion to dismiss and Singh's § 2255 motion, Singh also filed a pro se petition for a writ of error *coram nobis* under 28 U.S.C. § 1651 seeking to set aside his conviction. ECF No. 72. In the petition, Singh claimed that: (1) the Board of Immigration Appeals ("BIA") erred with respect to its decision regarding his immigration status; (2) his controlled substance felony conviction could have been dismissed and expunged under 18 U.S.C. § 3607; and (3) his trial counsel failed to advise him of collateral immigration consequences resulting from a conviction. ECF No. 72 at 2–6. On June 9, 2020, the Court denied Singh's § 1651 petition because Singh (1) provided no valid reason for filing his petition nearly five years after sentencing, and (2) did not meet his burden of showing the presence of fundamental error. ECF No. 80 at 3–6. Singh appealed (ECF No. 81) and in a memorandum opinion, the Ninth Circuit affirmed on alternate grounds stating that Singh was ineligible for *coram nobis* relief because at the time he filed his petition he was serving supervised release which constitutes "custody" and, as such, he was entitled to an available remedy under 28 U.S.C. § 2255. ECF No. 90.

///

A few years later, and with the aid of new counsel, Singh filed a second petition for a writ of error *coram nobis* under 28 U.S.C. § 1651. ECF No. 99. In his second § 1651 petition, Singh again argues that previous counsel misadvised him as to the immigration consequences of his guilty plea. ECF No. 99-1 at 11. Specifically, Singh claims that his counsel informed him that was likely to avoid deportation even after pleading guilty because of his previous political asylum grant. *Id*. Singh also claims that he only pled guilty because he believed he had no defenses to the charges and that his counsel never advised him that pleading guilty to 21 U.S.C. §841(a)(1) would render him ineligible for all defenses to removal and loss of his residency status. *Id*. Had he been properly advised, Singh claims that he would "have negotiated an immigration-safe resolution" to his charges. *Id*. According to Singh, such ineffective assistance of counsel constitutes prejudicial constitutional deprivation and fundamental legal error warranting *coram nobis* relief. *Id*. at 13. Singh's second § 1651 petition is addressed in more detail below.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. A writ of error *coram nobis* "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kwan*, 407 F.3d 1005, 1009 (9th Cir. 2005), abrogated on other grounds by *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). However, writ of error *coram nobis* is a "highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). The writ is "used only to review errors of the most fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). To qualify for a writ of error *coram nobis*, the petitioner must show "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see*

*also Kwan*, 407 F.3d at 1011. "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva*, 287 F.3d at 760.

**III.     DISCUSSION**

Here, Singh argues that all four requirements for a writ of error *coram nobis* are present: (1) there is no other remedy available; (2) the instant petition is timely and delay is valid because he has diligently pursued guidance, hired immigration counsel, and followed advice he was given; (3) he suffers continuing legal consequences as he is inadmissible due to his conviction; and (4) ineffective assistance of counsel equates to fundamental error. *See* ECF No. 99 at 10; *see also* ECF No. 99-1 at 15–34. In response, the Government argues that the first and third *coram nobis* requirements are present, but that Singh fails to satisfy the second and fourth. ECF No. 100 at 4, 5. As to the second requirement, the Government argues that the pending petition is untimely because he has known about the potential adverse consequences from his conviction since his guilty plea in 2014. *Id*. at 5. As to the fourth requirement, the Government argues that Singh cannot bring an ineffective assistance of counsel claim based on his counsel's alleged failure to advise him on the immigration consequences of his guilty plea in a second *coram nobis* petition when the Court has rejected that argument on two previous occasions. *Id*. at 6, 7.

In reply, Singh argues that the Government does not meaningfully examine the reasons for delay that he presents in his second *coram nobis* petition. ECF No. 103 at 1, 2. Singh also argues that neither his motion under § 1255 nor his first § 1651 *coram nobis* petition included corroborating evidence for his ineffective assistance of counsel argument like the present petition includes. *Id*. at 2. Singh also argues that the pending petition offers new evidence that supports a showing of prejudice and an additional ineffective assistance of counsel argument where his counsel failed to defend him against immigration consequences during plea negotiations. *Id*. at 3.

Regarding the first *coram nobis* requirement, Singh has exhausted all other remedies. Additionally, Singh is no longer serving his supervised release term and, therefore, a "custody" remedy such as a § 2255 motion is not currently available to him. Regarding the third requirement, Singh faces continuing legal consequences following his conviction as the possibility of being deported is enough to satisfy Article III's case or controversy requirement. *See, e.g., Kwan*, 407

F.3d at 1012; *Park v. California*, 202 F.3d 1146, 1148 (9th Cir. 2000) ("Because he faces deportation, Park suffers actual consequences from his conviction."). As was the case with his first *coram nobis* petition, the Court agrees that the first and third requirements are satisfied here.

As to the second requirement, a petition for a writ of error *coram nobis* is not subject to a specific statute of limitations. *See United States v. Morgan*, 346 U.S. 502, 507 (1954) (explaining that a *coram nobis* petition is allowed "without limitation of time"); *see also Telink Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). "In lieu of a specific statute of limitations, courts have required *coram nobis* petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *Kwan*, 407 at 1012; *see also Riedl*, 496 F.3d at 1007 (denying *coram nobis* relief where defendant waited more than six years after conviction to file a petition, noting that such relief is only available where petitioner has "exercis[ed] due diligence" in bringing her concern promptly to the attention of the courts) (*citing Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989)); *Maghe v. United States*, 710 F.2d 503, 503–04 (9th Cir. 1983) (denying *coram nobis* petition as untimely where claim could have been earlier raised and there were "no sound reasons" for the delay) (internal quotations omitted).

Here, the parties dispute the time from which delay in challenging Singh's conviction should be measured. The Government contends that delay should be measured from Singh's December 2014 guilty plea and June 2015 sentencing when he confirmed that he knew of and understood the potential adverse immigration and deportation consequences which could result from his conviction. ECF No. 100 at 5. Singh argues that delay is properly measured from May 2018 when he first learned that his counsel's "political asylum is a defense to removal" advice was not accurate as an immigration judge held that Singh had no defenses to removal in light of his aggravated felony conviction. ECF No. 103 at 6. Faced with a similar issue, the Ninth Circuit in *Kwan* found that delay should be measured from when a petitioner can first reasonably raise a claim. 407 F.3d at 1013. In *Kwan*, the Ninth Circuit reasoned that delay in that case should be measured from a removal proceeding, not the petitioner's conviction, because the removal proceeding was the first time the petitioner learned his attorney had misadvised him and, as such, the first time the petitioner reasonably could have raised a claim. *Id*. at 1013, 1014. Here, Singh

1  similarly did not know that his counsel misadvised him until the immigration judge's finding in
2  the removal proceeding. Therefore, Singh reasonably could not have raised his claim until after
3  the removal proceeding. Accordingly, delay should be measured from May 2018.

4        Using the removal proceeding as the measure, the earliest Singh could have challenged his
5  conviction is May 2018. However, the "law does not require a petitioner to challenge his
6  conviction at the earliest opportunity; it requires only that he have sound reasons for not doing so."
7  *United States v. Njai*, 312 Fed. App'x. 953, 954 (9th Cir. 2009); *see also Kwan*, 407 F.3d at 1014.
8  In the present petition, Singh argues that he received conflicting advice as to post-conviction relief
9  from various attorneys after he learned political asylum was not a defense to deportation at the
10 removal proceeding which resulted in delay of his second petition. ECF No. 103 at 8. As an
11 extension of this argument, Singh claims that it truly was not until June 2023, when he consulted
12 with present counsel, that he had reason to believe post-conviction relief might be available and
13 meritorious. *Id*. at 7.

14       While conflicting advice from counsel may be a reasonable cause for delay in some cases,
15 *see Kwan*, 407 F.3d at 1013, 1014, it simply is not here. Singh's reason for delay in not attacking
16 his conviction earlier—not knowing he had hope for post-conviction relief because of conflicting
17 attorney advice—is undermined by the fact that Singh attacked his conviction earlier under the
18 same circumstances. In briefings for the pending petition, Singh represents to the Court that after
19 the removal proceeding, but prior to filing his first § 1651 petition, he had received conflicting
20 advice from attorneys on the likelihood of post-conviction relief but was ultimately persuaded by
21 a close friend that there was a significant possibility that post-conviction relief could be granted.
22 ECF No. 99-1 at 28–30; ECF No. 99-2 at 6–9. Both reasons that Singh claims validate delay of his
23 second § 1651 petition—conflicting advice from attorneys on the possible success of post-
24 conviction relief and discovering some hope regarding post-conviction relief from current
25 counsel—existed when he filed his first § 1651 petition. Thus, Singh could have reasonably
26 asserted such reasons for the delay of that petition, but he did not. When justifications for delay
27 could have reasonably been asserted earlier, there is no valid justification of subsequent delay. *See*
28 *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) ("where petitioners reasonably could

have asserted the basis for their *coram nobis* petition earlier, they have no valid justification for delaying pursuit of that claim").

Although the Court acknowledges that Singh received more conflicting advice from other attorneys after he filed his first § 1651 petition, the undisputed facts are that (1) Singh discovered that political asylum was not a defense to deportation in his case in May 2018; (2) after he learned this, Singh sought and received conflicting advice from attorneys regarding the likelihood of post-conviction relief; (3) during that same time, Singh was persuaded that post-conviction relief might be granted in his case; (4) Singh then filed a petition for a writ of error *coram nobis* in January 2020; and (5) the Court denied the requested relief in June 2020. Because the reasons Singh offers as justification for the delay of his second petition existed and could have reasonably provided the basis for delay of his first petition, they do not justify delay here.

For these reasons, the Court finds that Singh offers no valid or sound reasons for the delay of his second petition. Therefore, Singh fails to meet the second requirement for *coram nobis* relief. Because the failure to meet any one of the four requirements for *coram nobis* relief is fatal to a petition, *Matus-Leva*, 287 F.3d at 760, the Court does not analyze whether the error Singh alleges is fundamental. Accordingly, Singh's second petition for a writ of error *coram nobis* is denied. *See Njai*, 312 Fed. App'x. at 954 (affirming denial of *coram nobis* relief where defendant waited more than four years after conviction and offered no valid reason for delay). Because the second requirement for a writ of error *coram nobis* is not satisfied here, an evidentiary hearing is not needed and Singh's request for one is denied.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that petitioner Surjit Singh's second petition for a writ of error *coram nobis* (ECF No. 99) is **DENIED**. Singh's request for an evidentiary hearing is also **DENIED**.

IT IS SO ORDERED.

DATED this 22nd day of February, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE